UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAFAYETTE SIMMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:11-CV-401 JD |
| v. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Lafayette Simmons, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding [ECF No. 4]. On August 22, 2011, Simmons was found guilty of resisting staff at Indiana State Prison in violation of disciplinary rule B235 [ECF No. 11-1]. The hearing officer imposed a sanction of 30 days lost commissary privileges and a 30-day earned credit time deprivation, which was suspended as long as Simmons did not commit any additional A or B offenses within six months [*Id.*]. Simmons did not commit any A or B offenses within the following six months, and so the earned time credit sanction was never imposed [ECF No. 11-2].

Based on the above, the respondent moves to dismiss [ECF No. 10]. More than 60 days have passed since the motion was filed, and Simmons has not filed a response or objection to the motion. Because the earned credit time sanction was never imposed against Simmons, the disciplinary proceeding at issue did not lengthen the duration of his confinement. Accordingly, the petition must be dismissed. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary proceeding under 28 U.S.C. § 2254 only when the punishment imposed lengthens the duration of his confinement); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) (only a

disciplinary sanction that affects the fact or duration of custody may be challenged under 28 U.S.C. § 2254).

For the reasons set forth above, the motion to dismiss [ECF No. 10] is GRANTED, and the petition [ECF No. 4] is DISMISSED.

SO ORDERED.

ENTERED:  May 15, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court